IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JERRY WAYNE ANTHONY, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 113-058 |
| DENNIS BROWN, Warden, et al., | ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who at the time he commenced this case was an inmate at Augusta State Medical Prison in Grovetown, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants Dennis Brown's, T.J. Conley's, and Donna Young's (hereinafter "Defendants") motion to dismiss for want of prosecution be **GRANTED IN PART** and **DENIED IN PART**, (doc. nos. 24, 25), Defendants' pre-answer motions to dismiss and motions for protective orders be **DENIED AS MOOT**, (doc. nos. 15, 18, 65, 67), Plaintiff's motions be **DENIED AS MOOT**, (doc. no. 27, 29, 33, 34, 36, 37, 39, 50, 58, 60, 63), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

I. **BACKGROUND**

On August 15, 2013, Defendants Dennis Brown and T.J. Conley filed a pre-answer motion to dismiss, in which they contend that Plaintiff's complaint should be dismissed under 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies, that Plaintiff's complaint fails to state a claim upon which relief may be granted, that Plaintiff has not demonstrated

sufficient physical injury to obtain damages, that Defendants are entitled to qualified immunity, that Plaintiff is not entitled to recover money damages against Defendants in their official capacities, and that Defendants in their official capacities are not "persons" within the meaning of § 1983. (See generally doc. no. 15-1.) On the same day, Defendants Brown and Conley filed a motion to stay discovery pending resolution of their pre-answer motion to dismiss. (Doc. no. 16.) On August 16, 2013, Defendant Donna Young filed a pre-answer motion to dismiss, in which she contends that Plaintiff's compliant should be dismissed under 42 U.S.C. § 1997e(a) and that Plaintiff's complaint fails to state a claim upon which relief may be granted. (See generally doc. no. 18-1.) On the same day, Defendant Young filed a motion to stay discovery pending resolution of her pre-answer motion to dismiss. (Doc. no. 19.)

On August 16 and 21, 2013, the Court instructed Plaintiff on the procedure for responding to the motions to dismiss, including directing Plaintiff that he "must respond to the motion[s] to dismiss within 14 days of service of the motion[s], and if Plaintiff fails to respond the motion[s] will be deemed unopposed and granted, resulting in the dismissal of the claims that are the subject matter of the motion[s]. See Loc. R. 7.5." (See doc. nos. 17, 22.) On September 13, 2013, the Court granted Defendants' motions to stay discovery, which Plaintiff did not oppose. (Doc. no. 23.)

On October 25, 2013, Defendants filed the instant motions to dismiss for want of prosecution, contending that Plaintiff's complaint should be dismissed for his failure to respond to Defendants' pre-answer motions to dismiss, in violation of this Court's Order. (See doc. nos. 24, 25.)

To date, Plaintiff has not responded to Defendants' pre-answer motions to dismiss or their motions to dismiss for want of prosecution. Plaintiff has instead flooded the Court with communications unrelated to either set of motions and filed well after the time within which

2

he was ordered to respond to the pre-answer motions to dismiss. On November 4, 2013, Plaintiff informed the Court of his transfer to Hays State Prison in Trion, Georgia. (Doc. no. 26.) On December 3, 2013, Plaintiff filed a motion for documents. (Doc. no. 27.) This filing pertains to actions that have allegedly occurred since Plaintiff was transferred to Hays State Prison, specifically that Plaintiff has stopped receiving his vegan diet and that the doctor at Hays State Prison has discontinued his mental health medication. Plaintiff requests a court order that he be provided his mental health records and legal documents that unnamed officials at Hays State Prison allegedly took from him, so that he can be reassigned a vegan diet and receive his mental health medications. (Id.) On December 16, 2013, Plaintiff filed a motion to dismiss his case. (Doc. no. 29.)

Since that time, Plaintiff has flooded the court with almost thirty filings, none of which respond substantively to either set of Defendants' motions, and has abandoned his desire to dismiss his case. (See doc. nos. 32, 33, 34, 36, 37, 38, 39, 40, 43, 44, 47, 48, 50, 51, 52, 53, 54, 56, 57, 58, 60, 61, 62, 63, 70, 71.) Plaintiff instead has repeatedly discussed his unhappiness with his alleged illegal transfer to Hays State Prison and the cessation of his vegan diet once he arrived there, which he alleges is a conspiracy by Defendants to punish him for filing a civil suit. (Doc. nos. 32, 34, 36, 38, 43, 44, 47, 48, 50, 51, 53, 70, 71.) Additionally, Plaintiff has repeatedly requested that this court appoint him counsel. (Doc. nos. 32, 33, 34, 36, 38, 39.) Plaintiff has also filed several discovery motions, including motions wherein he requests summary judgment and wants to arrange a meeting to conduct possible settlement negotiations pursuant to Loc. R. 26(f), despite this Court's stay of discovery pending the resolution of Defendants' motions to dismiss. (Doc. nos. 57, 62, 63.) Plaintiff has also attempted to bypass the Court and order Defendants to answer the allegations in his amendments. (Doc. no. 71.)

In response, Defendants have filed motions for protective orders, requesting that this Court relieve them from filing responses to Plaintiff's miscellaneous motions absent a Court order directing a response. (See doc. nos. 65, 67.)

## II. DISCUSSION

### A. Defendants' Motions to Dismiss for Want of Prosecution.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Additionally, the Local Rules also permit a judge to dismiss an action for want of prosecution for "[w]illful disobedience or neglect of any order of the Court." Loc. R. 41.1(b). "[D]ismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't., 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

---

[1] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

4

Here, Plaintiff has not only neglected this Court's order to respond to Defendants' pre-answer motions to dismiss and motions to dismiss for want of prosecution, despite being warned that his failure to do so would result in dismissal of this case, but has also willfully disobeyed that same order by flooding the Court with repetitive and abusive filings. Indeed, instead of answering the arguments proffered by Defendants in their motions as he was ordered to do by this Court, Plaintiff has decided to pursue a course of action which involves filing an ostensibly endless amount of often repetitive documents attempting to (1) add claims either relating to events alleged to have occurred at his new place of confinement, (2) alleging a conspiracy between Defendants and officials at Hays State Prison to stop this case from proceeding, or (3) requesting an appointment of counsel. (Doc. nos. 32, 33, 34, 36, 38, 39, 43, 44, 47, 48, 50, 51, 53, 70, 71.) Additionally, despite this Court's order staying discovery, Plaintiff has repeatedly attempted to file discovery motions. (See doc. nos. 57, 62, 63.)

In sum, Plaintiff's actions amount not only to a failure to prosecute, but also willful disobedience of the Court's Orders. This is precisely the type of behavior contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not feasible.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd.of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

5

appropriate to dismiss the instant action with prejudice.[3] The Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case <u>and pursue it as directed by the Court</u>.

Accordingly, the Court recommends that Defendants' motions to dismiss for want of prosecution be **GRANTED IN PART** and **DENIED IN PART**, and that this case be dismissed without prejudice for failure to prosecute. (Doc. nos. 24, 25.)

### B.  Plaintiff's Amendments.

Plaintiff has filed various motions in an attempt to add new claims to his original complaint. In addition to the motions simply requesting to amend his complaint, (doc. nos. 37, 50), Plaintiff has filed a motion for documents, wherein he requests an order to receive his mental health records and "legal law work" that unnamed individuals at Hays State Prison allegedly took from him, so that he may be reassigned a vegan diet and mental health medication, (doc. no. 27), and a motion requesting the Court add a "Health Services Request Form" from his time at Hays State Prison to the evidence in his case, (doc. no. 36.)

These motions bear no relevance to the § 1983 claim currently before the Court, which concerns federal due process violations alleged to have occurred at Augusta State Medical Prison. Additionally, any new claims Plaintiff may have against officials at Hays State Prison relating to the alleged deprivation of his medication and vegan diet would not properly be before this Court, as Hays States Prison is not located in the Southern District of Georgia. If Plaintiff wishes to pursue any claims related to events at Hays State Prison, he must file a complaint in the appropriate district.

---

[3] Defendants request that the dismissal be with prejudice. (Doc. no. 23, p. 2; doc. no. 25, p. 2.)

Accordingly, the Court recommends that Plaintiff's motions attempting to add new claims related to his incarceration at Hays State Prison are **DENIED AS MOOT**. (Doc. nos. 27, 36, 37, 50.)

III. **CONCLUSION**

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motions to dismiss for want of prosecution be **GRANTED IN PART** and **DENIED IN PART**, (doc. nos. 24, 25), Defendants' pre-answer motions to dismiss and motions for protective orders be **DENIED AS MOOT**, (doc. nos. 15, 18, 65, 67), Plaintiff's motions to amend be **DENIED AS MOOT**, (doc. no. 27, 36, 37, 50), Plaintiff's motion to dismiss be **DENIED AS MOOT**, (doc. no. 29), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**. Having determined that this action should be dismissed, the Court further recommends that Plaintiff's motions to appoint counsel, (doc. nos. 33, 34, 39), and discovery motions, (doc. nos. 58, 60, 63), be **DENIED AS MOOT**.

SO REPORTED and RECOMMENDED this 28th day of February, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE